UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLEARWATER PARTNERS, LLC,<br><br>Plaintiff,<br>v.<br><br>NO. 8 MINE, LLC et al.,<br><br>Defendants. | CASE NO. C19-0011JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Plaintiff Clearwater Partners, LLC's ("Clearwater") complaint. (Compl. (Dkt. # 1).) Having reviewed Clearwater's complaint, the court finds that Clearwater has failed to allege an adequate basis for subject matter jurisdiction over this action. The court therefore orders Clearwater within seven (7) days of the date of this order to serve and file a submission providing the following information:

Clearwater asserts that the court's jurisdiction is based on diversity of citizenship. (Compl. ¶ 2.1.) For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company. *Johnson v. Columbia Props.*

*Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* Local Rules W.D. Wash. LCR 8(a). Clearwater alleges that it is a Washington State limited liability company with its principal place of business in Washington State. (Compl. ¶ 1.1.) Yet, Clearwater fails to allege the domicile of its members. (*See generally id.*) Further, Clearwater alleges that Defendant No. 8 Mine, LLC ("No. 8 Mine"), is a Delaware limited liability company with its principal place of business in Arizona (*id.* ¶ 1.2), but also fails to allege the domicile of any of No. 8 Mine's members (*see generally id.*). Absent allegations of the domicile of all of Clearwater's and No. 8 Mine's members, the court cannot determine if Clearwater has properly invoked this court's subject matter jurisdiction on the basis of the parties' diversity of citizenship.[1]

Accordingly, the court ORDERS Clearwater to show cause why this case should not be dismissed for lack of subject matter jurisdiction. If Clearwater fails to provide the court with the information described above within seven (7) days of the date of this order, the case will be dismissed without prejudice. Any Defendant who appears in this

//

//

//

//

---

[1] The court also notes that if any member of either Clearwater or No. 8 Mine is itself a corporate entity, Clearwater must provide information about the corporate citizenship of that member as well, which is determined in the same manner described above—namely, by establishing the citizenship of each member who is a corporate entity. *See Johnson*, 437 F.3d at 899 (examining the citizenship of a limited partnership whose partners included limited liability companies by looking to the citizenship of the members of those limited liability companies). This process continues until every layer of corporate membership has been reduced to the domicile of its individual members.

proceeding prior to the foregoing deadline, may, but is not required to, respond to the court's order to show cause within the same timeframe.

Dated this 30th day of January, 2019.

JAMES L. ROBART
United States District Judge